FILED
CLERK

10/27/2015 12:20 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYNTHIA LUCAS,

        Plaintiff,

  -against-

APPLE FOOD SERVICE OF NEW YORK, LLC,

        Defendant.
------------------------------------------------------------X

**ORDER**
15-CV-4007 (SJF)(AKT)

FEUERSTEIN, District Judge:

      On July 6, 2015, *pro se* plaintiff Cynthia Lucas ("plaintiff") commenced this employment discrimination action against defendant Apple Food Service of New York, LLC ("defendant") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, *et seq.*,[1] accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in her declaration in support of her application to proceed *in forma pauperis*, qualifies her to commence this action without prepayment of the filing fees, s*ee* 28 U.S.C. § 1915(a)(1), her application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Although plaintiff indicated that she brought this action pursuant to the ADA and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, she alleges that she was twenty-four (24) years old when she commenced this action and was discriminated against based upon her race, color, gender, religion and disability. Thus, it is clear that plaintiff's claims are brought pursuant to the ADA and Title VII, not the ADEA.

I.   Background[2]

Plaintiff alleges, *inter alia*,

> "On June 5th, 2014, I Cynthia Lucas clocked in for my 2 pm shift as a hostess for Applebee's of Elmont. The shift ran smoothly up until the manager on duty Pat E, called myself and Brittnay L. (other former employee) into the office and asked questions. After the manager asked all necessary questions I answered one of her indirect questions accordingly and then Brittnay L had attacked me while [] I ansewerd [sic] my manager. Brittnay had chocked [sic] and forced my head on the counter in the manager's office. I tried to be the bigger person to defend myself and my pregnancy so that I do not have a miscarriage at the place of employment. After waiting for the general manager to come in at 4 pm to explain the situation I was asked to leave. I then went outside to call Human Services and spoke to Melissa (HR Manager) who told me that the tape will be assessed/investigated and that she would contact me back. I waited 2 weeks to find out I was suspended without pay and that the company decided to let me go after 2 years of employment[] on June 19th 2014. After I filed unemployment the Department of Labor ruled in my favor after viewing the tape."

(Compl. ¶ 8, and at 6). Plaintiff claims that she was discriminated against based upon her race, which she indicated is black; color, which she indicated is brown; gender; religion, which she indicated is Muslim; age, which she indicated was twenty-four (24) at the time she commenced this action; and disability, which she indicated was pregnancy. (*Id.*, ¶ 7).

Annexed to the complaint are copies of (1) a "Determination and Order After Investigation," dated May 26, 2015, of the New York State Division of Human Rights ("NYSDHR"), finding that there was "no probable cause to believe that [defendant] has engaged in or is engaging in the unlawful discriminatory practice complained of[,]" *i.e.*, employment

---

[2]All material allegations in the complaint are assumed to be true for the purpose of this Order, *see*, *e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

discrimination because of sex and disability,³ (Compl., at 10-11); and (2) a "Dismissal and Notice of Rights" by the United States Equal Employment Opportunity Commission ("EEOC"), dated June 24, 2015, adopting "the findings of the state or local fair employment practices agency that investigated [plaintiff's] charge[,]" (*id.* at 7-9).

II.  Discussion

   A.  Standard of Review

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361

---

³ Plaintiff apparently did not allege discrimination based upon race, color, religion or age in her administrative charge. (*See* Comp. at 10-11.)

(2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1937).

B.  The ADEA Claim

"The ADEA prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007); *see* 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age.") Since plaintiff was only twenty-four (24) years old at the time defendant allegedly discriminated against her, (Compl., ¶ 7), her complaint fails to state a plausible claim for age discrimination under the ADEA. Accordingly, plaintiff's ADEA claim is dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

4

C. The Title VII and ADA Claims

Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer– (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). The ADA prohibits an employer from discriminating against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

"The *sine qua non* of a * * * discriminatory action claim under Title VII [or the ADA] is that the discrimination must be *because of* [a protected characteristic]." *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original) (quotations and citation omitted); *see also Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) (holding that in order to establish a *prima facie* disparate treatment claim, the plaintiff must show "that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination."). Although an employment discrimination plaintiff "need not plead a prima facie case of discrimination," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), he "must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, . . . national origin[,] [or disability] was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). With respect to the latter element, the plaintiff "need only plausibly allege facts that

provide at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Vega*, 801 F.3d at 86-97 (quotations and citation omitted); *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (holding that in order to state a plausible Title VII claim at the pleadings stage, the plaintiff need only satisfy the "minimal burden of showing facts suggesting an inference of discriminatory motivation"); *De La Pena v. Metro. Life Ins. Co.*, No. 13-2852-cv, 2014 WL 308005, at * 1 (2d Cir. Jan. 29, 2014) (summary order) (holding that a dismissal of an employment discrimination claim "for failure to allege facts showing a plausible inference of discrimination is wholly consistent with *Swierkiewicz*"); *Patane*, 508 F.3d at 112 n. 3 (affirming dismissal where the plaintiff "failed to allege even the basic elements of a discriminatory action claim.")

Even liberally read, the complaint fails to plead any facts linking defendant's conduct, i.e., the suspension of plaintiff without pay for two (2) weeks and termination of her employment, to plaintiff's race, color, gender, religion or pregnancy, or supporting a reasonable inference that defendant discriminated against plaintiff because of those protected characteristics. *See, e.g. Hedges v. Town of Madison*, 456 F. App'x 22, 24 (2d Cir. Jan. 13, 2012) (summary order) (affirming dismissal, *inter alia*, of the plaintiff's ADA claim on the basis that he "ha[d] not adequately pleaded discrimination on the basis of disability" because he "alleg[ed] not a single fact in support of his claims of discriminatory treatment which might conceivably give notice of the basis of his claims to the defendants."); *Berkery v. Archdiocese of Hartford*, 352 F. App'x 487, 490 (2d Cir. Nov. 5, 2009) (summary order) (affirming dismissal of the plaintiff's ADA claim because the complaint presented no allegations linking the defendant's employment decision to the plaintiff's disability or supporting an inference of disability discrimination);

*Samuel v. Bellevue Hosp. Ctr.*, 366 F. App'x 206, 207 (2d Cir. Feb. 17, 2010) (summary order) (affirming dismissal of the plaintiff's employment discrimination claim on the basis that he "failed to allege sufficient facts to render plausible his conclusory assertion that the defendants discriminated against him on the basis of his membership in a protected class.") Indeed, although both plaintiff and the co-worker involved in the physical altercation with her are female, plaintiff does not allege, *inter alia*, the race, color or religion of the co-worker, Brittnay L.; nor does she indicate whether or not Brittnay L. was pregnant. Moreover, defendant took the same employment action against both women involved in the altercation at work, i.e., it suspended both plaintiff and Brittnay L. for two (2) weeks without pay, then terminated their employment, and plaintiff does not identify any other similarly situated employee outside of plaintiff's protected class who was treated differently, nor any other basis upon which to support a reasonable inference that defendant's conduct was motived by discriminatory intent. *See, e.g. De La Pena*, 2014 WL 308005, at * 1 (affirming dismissal of the plaintiff's Title VII discrimination claims, on the basis, *inter alia*, that the "plaintiff's bald assertions of discrimination– unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of plaintiff's protected class being treated differently– were implausible and insufficient to survive a motion to dismiss."); *Jackson v. County of Rockland*, 450 F. App'x 15, 19 (2d Cir. Nov. 23, 2011) (summary order) (finding that the plaintiff's "bald assertions of discrimination and retaliation, unsupported by any comments, actions, or examples of similarly-situated individuals outside of [his] protected class being treated differently, from which [the Court] could infer that the defendants possessed a discriminatory or retaliatory motive, are implausible and insufficient to survive a motion to dismiss.") Plaintiff's conclusory allegations that

defendant suspended her without pay and terminated her employment based upon her race, color, gender, religion and pregnancy are insufficient to state a plausible claim of employment discrimination and "are, in fact, a paradigmatic example of an unadorned, the-defendant-unlawfully-harmed-me accusation that will not do." *Wilson v. New York City Dep't of Corr.*, No. 11 Civ. 9157, 2013 WL 922824, at * 4 (S.D.N.Y. Mar. 8, 2013). In short, the factual allegations in plaintiff's complaint are insufficient to "nudge her claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955. Accordingly, plaintiff's Title VII and ADA claims are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief, **unless on or before December 7, 2015**, plaintiff files an amended complaint re-pleading her discrimination claims against defendant to correct the deficiencies set forth herein.[4] *See Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without * * * granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

---

[4] It appears from the attachments to the original complaint that plaintiff may not have exhausted her administrative remedies with respect to her claims of discrimination based upon race, color and religion, which is a precondition to filing a Title VII claim in federal court. *See Fowlkes*, 790 F.3d at 384; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). Nonetheless, claims that were not asserted in an administrative charge may be pursued in a federal action under Title VII if they are "reasonably related" to those that were filed with the relevant agency. *See Littlejohn*, 795 F.3d at 322; *Ximines v. George Wingate High School*, 516 F.3d 156, 158 (2d Cir. 2008) (per curiam). There are three (3) types of "reasonably related" claims: (1) claims that "fall within the scope of the [agency's] investigation which can reasonably be expected to grow out of the charge that was made[,]" *Deravin*, 335 F.3d at 200-01; *see also Littlejohn*, 795 F.3d at 322; (2) claims that allege retaliation for filing an administrative charge, *see Fowlkes*, 790 F.3d at 386; and (3) claims that allege "further incidents of discrimination carried out in precisely the same manner alleged in the [administrative] charge[,]" *Fowlkes*, 790 F.3d at 386-87 (quotations and citation omitted). Accordingly, plaintiff may file an amended complaint with respect to only those claims that she asserted in her administrative charge, i.e., her claims of discrimination based upon gender and disability, or any claims that are reasonably related to those claims.

claim might be stated." (quotations, brackets and citation omitted)).

III.  Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim for relief **unless plaintiff files an amended complaint in accordance with this Order <u>on or before December 7, 2015</u>**.  Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon plaintiff as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: October 27, 2015
       Central Islip, New York